IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| REX A. MCCURDY, | ) | No. C 07-3657 JF (PR) |
| Petitioner, | ) ) | ORDER OF DISMISSAL |
| vs. | ) ) | |
| STEPHEN W. MAYBERG, et al., | ) ) | |
| Respondents. | ) ) | |

Petitioner, a civil detainee pursuant to California's Sexually Violent Predators Act (Cal. Welf. & Inst. Code § 6600, et seq. ("SVPA")) proceeding pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has paid the filing fee. Petitioner was civilly committed for a two-year term as a sexually violent predator under the SVPA in the Napa Superior Court. See Cal. Welf. & Inst. Code §§ 6600-6609.3. In the instant petition, Petitioner challenges his pending petition to extend his civil commitment under the SVPA and asks the Court to dismiss the pending proceedings and compel Respondents to comply with the California Administrative Procedures Act.

///

///

///

Order of Dismissal
P:\pro-se\sj.jf\hc.07\McCurdy657dis                    1

**DISCUSSION**

Under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances. See <u>Younger v Harris</u>, 401 U.S. 37, 43-54 (1971). Interference is appropriate only upon a showing of the state's bad faith or harassment, or a showing that the statute challenged is "flagrantly and patently violative of express constitutional prohibitions." <u>Id</u>. at 53-54 (cost, anxiety and inconvenience of criminal defense not kind of special circumstances or irreparable harm that would justify federal court intervention; statute must be unconstitutional in every "clause, sentence and paragraph, and in whatever manner it is applied); <u>Carden v Montana</u>, 626 F.2d 82, 84 (9th Cir. 1980) (only in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other special circumstances where irreparable injury can be shown is federal injunctive relief against pending state prosecutions appropriate).

The policies underlying <u>Younger</u> are fully applicable to noncriminal judicial proceedings when important state interests are involved. <u>Middlesex County Ethics Comm. v Garden State Bar Ass'n</u>, 457 US 423, 432 (1982). <u>Younger</u> applies to the pending SVPA civil commitment extension proceedings against Petitioner: the proceedings are judicial in nature, involve important state interests and afford Petitioner an adequate opportunity to raise constitutional issues. <u>See id.</u> In addition, there is no showing or indication whatsoever of "extraordinary circumstances" such as the state's bad faith or harassment, or that the SVPA, on its face or as applied to Petitioner, is "flagrantly and patently violative of express constitutional prohibitions." <u>Younger</u>, 401 U.S. at 53-54. The SVPA has in fact withstood constitutionally scrutiny in the Supreme Court of California, see <u>Hubbart v Superior Court</u>, 19 Cal. 4th 1130 (1999), and a similar law from the state of Kansas and the state of Washington has withstood constitutional scrutiny in the Supreme Court of the United States. <u>See Kansas v Hendricks</u>,

1  521 U.S. 346 (1997); <u>Seling v Young</u>, 531 U.S. 250 (2001).[1]

2      Under the rationale of <u>Younger</u>, the instant petition is DISMISSED without

3  prejudice to refiling after Petitioner's SVPA commitment extension proceedings,

4  including appeal, are completed. The Clerk shall close the file.

5      IT IS SO ORDERED.

6  DATED: 10/29/07

                              JEREMY FOGEL
                              United States District Judge

---

[1] The Supreme Court reconsidered the constitutionality of the Kansas Act's evidentiary standard and held that due process does not permit a civil commitment under the Kansas Act without any lack of control determination being made. <u>Kansas v Crane</u>, 534 U.S. 407, 410 (2002). <u>Crane</u> did not alter any other aspect of <u>Hendricks</u>, however. In contrast to the Kansas Act, California's SVPA requires a lack of control determination prior to commitment. <u>See</u> <u>People v Superior Court (Ghilotti)</u>, 27 Cal. 4th 888, 915-29 & nn 12 & 15 (2002).

1  A copy of this ruling was mailed to the following:

2

3  Rex McCurdy
   000035-6
   Coalinga State Hospital
4  P.O. Box 5003
   24511 West Jayne Avenue
5  Coalinga, CA  93210

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28